**McNEAL v. UNITED STATES.**

No. 4072.

United States Court of Appeals Tenth Circuit.

Sept. 12, 1950.

Richard H. Shaw, Denver, Colo., for appellant.

Max M. Bulkeley, U. S. Atty., Denver, Colo., for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

This proceeding arose in the United States District Court for the District of Colorado. Appellant was accused of violating 18 U.S.C.A. § 495 (forging and uttering a government check). Being advised of his constitutional rights in open court he waived his right to prosecution by indictment, and consented to prosecution by information instead of indictment.

An information in two counts was filed against him, charging respectively the forging and uttering of the government check in question. On arraignment, he waived a jury and the right to counsel. Notwithstanding his waiver, the trial court appointed counsel for him.

After consultation with counsel, a plea of guilty was entered. Appellant was sentenced to five years on Count One and to five years on Count Two. Probation was granted on the sentence imposed on Count Two. While serving the sentence on Count One, he filed a motion under 28 U.S.C.A. § 2255 to set aside the sentences. The motion was heard and denied, and this appeal followed. The grounds urged for reversal are the same as were urged before the trial court on the motion. They are that:

1. The court was without jurisdiction to impose sentence in that the defendant was never arraigned.

2. The defendant was deprived of his constitutional right to be actually represented and advised by counsel at *all* stages of the proceedings, though it is conceded he had mere formal representation at the time he was sentenced by the court.

a. Appellant was not represented by counsel when he waived indictment by a Grand Jury, and he so waived indictment

without intelligently understanding the consequences nor his rights involved.

We have carefully examined the record and conclude that the points urged are without merit. The judgment of the trial court is accordingly affirmed.